■ Andrew P. Kruly et al., Respondents, v Eastman Kodak Company, Appellant.—Judgment and order unanimously affirmed, with costs. Memorandum: Defendant appeals from judgments awarding plaintiffs damages in a negligence action. The claim arose when plaintiff, Andrew P. Kruly, a truck driver for Allied Chemical Corporation, was delivering a tankload of nitric acid to defendant's Rochester plant. Before unloading the acid, he was required to wait until the defendant's authorized personnel accepted it. During that time he joined a kodak employee in defendant's

lunch room for a cup of coffee. Upon being advised that the acid was "ok" and could be unloaded, he returned to his truck accompanied by a Kodak employee who led him through an "acid room" in which there had recently been a leak of phosphorous oxycloride (oxy), a highly toxic substance. Plaintiff testified that after inhaling some of the fumes he began coughing, noticed a congestion in his chest and a burning sensation. About a month later, plaintiff suffered a heart attack and he and his wife have recovered verdicts based upon their contention that his negligent exposure to oxy at the Kodak plant contributed in causing his sickness and disability. Defendant's main contention is that the court erred in failing to dismiss the complaint because plaintiff failed to prove causation. Admittedly, plaintiff's two doctors were not familiar with phosphorous oxychloride or its properties and they had no knowledge of the concentration of it when plaintiff entered the "acid room". Their evidence was properly received, however, by means of a hypothetical question which asked them to assume (1) that plaintiff had inhaled "oxy", (2) that plaintiff began coughing and (3) that inhalation of oxy can cause bronchial involvement and pulmonary edema. These assumptions were supported by plaintiff's testimony and Exhibit No. 2, a bulletin of the Manufacturing Chemists Association, which described the properties of oxy and the effect of inhaling its fumes. Based upon the facts assumed in the hypothetical question, the doctors could properly give their opinions that plaintiff's heart attack was caused by coughing, bronchial involvement and pulmonary edema and their testimony established a sufficient causal relationship between defendant's negligence and plaintiff's injury to warrant submitting the case to the jury. The only other matter raised by defendant requiring comment is its contention that Dr. Goldfarb, a cardiac specialist, was erroneously permitted to state the medical history he received from plaintiff because he was consulted after plaintiff asserted his claim against defendant. Dr. Goldfarb was a treating physician, however, not an expert retained solely for purposes of trial. Accordingly, he was properly permitted to recite to the jury the history that he received from the patient before treating him (see, generally, Fisch, NY Evidence, §§ 995, 996). (Appeal from judgment and order of Erie Supreme Court—negligence.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.